# IN RE: FORD FUSION AND C–MAX FUEL ECONOMY LITIGATION.

## MDL No. 2450.

United States Judicial Panel on Multidistrict Litigation.

June 7, 2013.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, W. ROYAL FURGESON, JR., PAUL J. BARBADORO, MARJORIE O. RENDELL, CHARLES R. BREYER, and LEWIS A. KAPLAN, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiffs in three actions seek centralization of the actions listed on Schedule A in the Central District of California. The plaintiffs' motion encompasses seven actions pending in four districts.[1]

This litigation concerns the marketing, sale and advertising of the mileage estimates of Ford Fusion Hybrid and C–Max Hybrid vehicles. All parties support centralization, but they disagree as to the selection of the transferee district. Defendant Ford Motor Company (Ford) suggests that the actions be centralized in the Southern District of New York. Responding plaintiffs in various actions and potential tag-along actions suggest centralization in the following districts: the Central District of California, the Southern District of Florida and the Northern District of Illinois.

---

**1.** The Panel has been notified of 6 additional related actions pending in four districts. These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative nationwide or statewide class actions share factual questions arising from Ford's alleged false or misleading advertising regarding the mileage estimates for its Fusion Hybrid and C–Max Hybrid vehicles. Plaintiffs contend that defendants marketed the vehicles as achieving certain EPA mileage estimates, but those estimates performed well below the advertised levels. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

This litigation as a whole is in its relatively early stages, and any number of the suggested districts could serve ably as the transferee district for this litigation involving automobiles marketed throughout the nation. On balance, we choose to centralize this litigation in the Southern District of New York before Judge Kenneth M. Karas, who presides over two actions there. This district offers a readily accessible and convenient transferee forum for this litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Kenneth M. Karas for centralized pretrial proceedings with the actions listed on Schedule A and pending in that district.

## SCHEDULE A

MDL No. 2450 — IN RE: FORD FUSION AND C-MAX FUEL ECONOMY LITIGATION

*Central District of California*

*Richard Pitkin, et al. v. Ford Motor Company, et al.,* C.A. No. 2:13–00954

*Pedro Magana v. Ford Motor Company,* C.A. No. 5:13–00608

*In re Ford Fuel Efficiency Litigation,* C.A. No. 8:12–02232

*District of New Hampshire*

*Susan Pliner v. Ford Motor Company,* C.A. No. 1:13–00147

*District of New Mexico*

*Sandra Wright, et al. v. Ford Motor Company,* C.A. No. 1:13–00292

*Southern District of New York*

*Robert Fellows v. Ford Motor Company,* C.A. No. 7:13–00906

*Naomi Teppich, et al. v. Ford Motor Company,* C.A. No. 7:13–01144